ESTELLE MURPHY *vs.* UNITED ELECTRIC RAILWAYS COMPANY.

FEBRUARY 29, 1940.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J. This action of trespass on the case for negligence was tried before a justice of the superior court, sitting with a jury, and at the close of the testimony, on the defendant's motion, a verdict was directed for the defendant. The case is before us solely on the plaintiff's exception to this action by the trial justice.

The accident occurred about 8 o'clock, p. m., on February 28, 1934, on Broad street, at the boundary line between the cities of Providence and Cranston. While it was a clear night, the plaintiff testified that the street was "slushy", and again that there was "ice on the street."

The plaintiff, carrying a violin and music, boarded an electric car of the defendant at the corner of Broad and Sumter streets in the city of Providence. By appointment, she met a friend, Mary Hanley, on the car. Both were going to a rehearsal in the city of Cranston. When the electric car reached the Providence city line, the car stopped to allow the plaintiff, Miss Hanley and other passengers to alight. Miss Hanley and two men passengers alighted before the plaintiff. The plaintiff contends that as she was stepping from the step of the car to the roadway the car suddenly started, throwing her to the ground and causing the injuries about which she complains.

The declaration in this case and the situation that developed immediately after counsel for the plaintiff had made his opening to the jury at the trial in the superior court have a material bearing on the question before us. The declaration is in two counts. The first count alleges that the defendant did "carelessly, recklessly and negligently

cause said trolley car to suddenly start"; the second count alleges that the defendant did "carelessly and negligently permit and allow an accumulation of ice on the steps of said trolley car." The plaintiff abandoned the second count, so that her only cause of action is stated in the first count.

The opening to the jury by plaintiff's counsel is not reported. But the transcript shows that upon its completion, counsel for the defendant immediately suggested to the court that such opening was inconsistent with the plaintiff's cause of action as stated in the first count of the declaration. Apparently the court took the same view, for, addressing plaintiff's counsel, we find it saying: "If your testimony is going to show that the car started up, went either forward or backward, that is all right, within the allegation of the declaration; but if you are going to rest your question of liability simply on the proposition that the step, which was a movable step, did move, why then that has to be alleged particularly in the declaration."

During the discussion of this point the trial justice clearly intimated that the declaration might be amended to conform with the opening. This suggestion was not accepted, plaintiff's counsel taking the position that the evidence would show that the step could not move from its horizontal position, when the car was stopped and its doors open, unless the car was started. The trial proceeded under these circumstances.

The plaintiff testified that, in leaving the car, she went to the left of the stanchion in the middle and at the edge of the front platform on the right side, so as not to wait for two men to alight in front of her. Then she said: "As I was stepping off these two men jumped off to the right. I put my foot down on the step, my left foot, and I had a hold of the post with my right hand, and just as I put my right foot down the step gave a jerk and I slipped off and I was thrown."

In reference to the accident, Miss Hanley, the plaintiff's friend, testified as follows: "Q. What happened? A. I stepped off to the right (of the stanchion) and proceeded to the sidewalk and some others followed me—I don't recall just how many. Before I reached the sidewalk I was attracted in some way, I don't recall what made me turn, and I saw Miss Murphy on the ground directly in front of the step. Q. And what did the trólley car do? A. The step closed immediately after. Well, as I turned the step was closed and she was on the ground and the car then proceeded towards its destination, I suppose Edgewood."

The above-quoted testimony comprises the most favorable evidence in support of the plaintiff's cause of action as alleged in her declaration. The plaintiff's attorney in his argument before us reaches the conclusion that the sudden starting of the car was the proximate cause of her injury by assuming that the step is connected with and a part of the mechanism that starts the car; that such mechanism is under the control of the operator of the car; and that the step cannot be moved from its horizontal position when the car is stopped and the doors are open until the operator closes the doors and starts the car. But there is no evidence whatever of how the step is attached to the car; or how it is raised or lowered as occasion required; or that the step will not move from a horizontal position, when a car is stopped to discharge or receive passengers, unless there is a starting of the car.

The plaintiff must allege and prove not only the particular negligence relied upon, but also that such negligence was the proximate cause of the plaintiff's injury. In the instant case, the plaintiff, notwithstanding that she was given ample opportunity by the trial justice to amend her declaration, saw fit to rest her cause of action solely on the allegation in the first count of her declaration, namely, that the defendant, through its agents and servants, "carelessly, recklessly and negligently caused said trolley car to sud-

denly start." In the circumstances, she must be held to prove the particular negligence alleged as the proximate cause of her injury. *St. John* v. *Rhode Island Co.*, 32 R. I. 447.

It is well settled that, on a motion by the defendant for a directed verdict, it is the duty of the trial justice to adopt the view of the evidence and the reasonable inferences therefrom most favorable to the plaintiff. This rule, however, deals with the evidence in the case and not with mere speculation or assumptions. The trial justice was not bound to assume what the evidence and its reasonable inferences did not show.

In the instant case, the evidence as to how and why the plaintiff fell was altogether too indefinite to support the charge of negligence upon which she elected to rely. We are of the opinion that, if the trial justice had submitted the case to the jury, they would have been obliged, on the evidence presented, to conjecture and speculate regarding the proximate cause of the accident to the plaintiff. The evidence in the case was insufficient to furnish the basis of reasonable and legitimate inferences that the defendant was guilty of the negligence complained of by the plaintiff and that such negligence was the proximate cause of the accident in question.

The plaintiff's exception is overruled, and the case is remitted to the superior court for entry of judgment for the defendant on the verdict as directed.

*John J. McGrane, Michael De Ciantis,* for plaintiff.

*Clifford Whipple, Earl A. Sweeney,* for defendant.